UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

   -v.-                                                                           1:06-CR-411
                                                                                                       (LEK)

RAYMOND VANHOESEN, a/k/a SHAM, and
JERMAINE VANHOESON a/k/a WALEEK
                                        Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

      Currently before the Court are various pretrial motions filed by both Defendants in this case, Raymond Vanhoesen and Jermaine Vanhoesen. Dkt. Nos. 47, 49, 50. Defendant Raymond Vanhoesen seeks dismissal of the indictment on grounds that his right to be free from double jeopardy, protected by the Fifth Amendment of the United States Constitution, and his right to a speedy trial, protected by statute and the Sixth Amendment of the United States Constitution, have been violated. Dkt. No. 47. Defendant Jermaine Vanhoesen seeks dismissal of the indictment on double jeopardy grounds. Dkt. No. 49. Jermaine Vanhoesen also seeks a probable cause hearing, suppression of certain evidence, a bill of particulars, and disclosure of impeachment, exculpatory, and other evidence by the Government. Dkt. Nos. 49, 50.

### I. Background

      This case has a very complicated procedural background, involving both state and federal court proceedings. However, as the complications affect the analysis of timing and double jeopardy issues raised by Defendants, they must be discussed in some detail here.

---

[1] For printed publication by the Federal Reporters.

1

A.     Raymond Vanhoesen

Defendant Raymond Vanhoesen ("Defendant" or "RVH") was arrested on March 6, 2002 and charged with various violations of the New York Penal Law related to the possession and sale of crack cocaine and drug paraphernalia. Affirmation (Dkt. No. 47, Attach. 1) at ¶11. He was indicted on those charges and scheduled for a trial before the Hon. Joseph Teresi, Justice of the Supreme Court of Albany County to take place June 9, 2003. Id. at ¶ 13. However, Judge Teresi dismissed three counts of the indictment on speedy trial grounds. Id. at ¶14. Defendant pled to the remaining two charges, which involved criminal use of drug paraphernalia, and was sentenced to time served. Id. at ¶¶15-16; Govt's Mem. of Law (Dkt. No. 55, Attach. 2) at 2. Charges mirroring those dismissed by Judge Teresi were then filed against Defendant in United States District Court on October 14, 2004. Affirmation (Dkt. No. 47, Attach.1) at ¶¶19-20. Shortly afterwards, on October 21, 2004, the Appellate Division, Third Department for the New York State Supreme Court reversed Judge Teresi's decision and reinstated the dismissed drug charges. Id. at ¶ 22. On November 9, 2004, the federal charges against Defendant were dropped. Id. at ¶ 23; Notice (Dkt. No. 11).

Prior to the scheduled trial on the reinstated drug counts, Judge Teresi granted Defendant's Motion to dismiss on the grounds that Defendant's plea to the two charges constituted a plea to the entire indictment and double jeopardy thus barred further prosecution of the reinstated counts. Decision and Order (Dkt. No. 55, Ex. 3). Defendant was federally indicted on April 1, 2005; the indictment was superceded by an indictment on May 19, 2006, charging conspiracy and knowing distribution of more than 50 grams of crack cocaine from the period between 2002 and 2005. Indictment (Dkt. No. 55, Ex. 5); Superceding Indictment (Dkt. No. 55, Ex. 6). On October 13,

2006, the Court dismissed the indictment without prejudice for violation of the speedy trial act. Order (Dkt. No. 28, Case No. 1:05-CR-0166). Defendant was then re-indicted in United States District Court on October 19, 2006 on charges of conspiracy to distribute and possess, with the intent to distribute, more than fifty grams of crack cocaine, as well as substantive charges of possession with the intent to distribute. Indictment (Dkt. No. 55, Ex. 1).

      B.      Jermaine Vanhoesen

An indictment was filed against Defendant Jermaine Vanhoesen ("Defendant" or "JVH") on April 8, 2003 in Albany County Supreme Court. Indictment (Dkt. No. 55, Ex. 7). The charges of the indictment included attempted sale of a criminal substance, criminal possession of a controlled substance and reckless endangerment, based on events that took place February 20, 2003. Id. JVH was tried and convicted on these charges. People v. VanHoesen, 819 N.Y.S.2d 319, 321 (3d Dept. 2006). See Govt's Mem. of Law (Dkt. No. 55, Attach. 2). On July 6, 2006, JVH's conviction was reversed and remanded for a new trial. VanHoesen, 819 N.Y.S.2d at 321.

JVH was charged, along with RVH, in the instant federal indictment, on October 19, 2006. Indictment (Dkt. No. 55, Ex. 1). JVH was charged with possession with intent to distribute more than 5 grams of crack cocaine, stemming from the February 20, 2003 incident, as well as conspiracy to distribute and possess with intent to distribute, along with RVH. Id.

On July 12, 2007, the state case against JVH was dismissed in favor of the federal prosecution. JVH's Mem. of Law (Dkt. No. 49) at 26.; Govt's Mem. in Opp. (Dkt. No. 55) at 6.

## II. Discussion

A.   Raymond Vanhoesen

   1.   Motion to Dismiss on Double Jeopardy Grounds

RVH claims that the instant prosecution violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and must be dismissed.

The double jeopardy clause of the Fifth Amendment forbids a second prosecution of the same offenses by the same authority after acquittal or conviction.  Abbate v. U.S., 359 U.S. 187, 194 (1959).  It does not forbid federal prosecution subsequent to a prosecution of the same offense under authority of a state; this is known as the dual sovereignty doctrine.  Id.; Heath v. Alabama, 474 U.S. 82, 88 (1985) ("the dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences."); U.S. v. Arena, 180 F.3d 380, 399 (2d Cir. 1999).

There is an exception to the dual sovereignty doctrine: "where one prosecuting sovereign can be said to be acting as a 'tool' of the other, or where the second prosecution amounts to a 'sham and a cover' for the first."  U.S. v. Aboumoussallem, 726 F.2d 906, 910 (2d Cir. 1984) (quoting Bartkus v. Illinois, 359 U.S. 121, 123, 124 (1959)).  This is a very narrow exception, which applies only "in an extraordinary type of case."  U.S. v. All Assets of G.P.S. Automotive Corp., 66 F.3d 483, 495 (2d Cir. 1995). "Even significant cooperation between state and federal authorities does not provide a basis" for the sham exception to the dual sovereignty doctrine.  Id.

RVH argues that the state and federal prosecutions are "intertwined and interwoven" to the extent that both sovereigns "were tools and covers for each other."  RVH's Mem. of Law (Dkt. No.

47). However, RVH does not provide any support for this assertion, except the timing of the various prosecutions. This fact is not alone sufficient to qualify either prosecution as a sham. RVH has not shown that either sovereign effectively controlled the other. As the Government points out, "a federal prosecutor may, in deciding whether to pursue a subsequent prosecution, take into consideration what he deems an inadequate result obtained in the state trial," without violating the double jeopardy clause. Arena, 180 F.3d at 399 (internal citations and quotation omitted). The facts indicate that this consideration of federal interests took place, but do not indicate that either prosecution was a sham. Accordingly, RVH's Motion to dismiss based on violation of the double jeopardy clause must be denied.

        2.        Motion to Dismiss on Speedy Trial Act Grounds

RVH was indicted on October 19, 2006.[2] Indictment (Dkt. No. 55, Attach. 1). The arrest warrant for RVH, issued on October 19, 2006, was not successfully executed until after RVH's arrest on May 31, 2007 in the Eastern District of Michigan and subsequent transfer back to New York. Executed Warrant (Dkt. No. 31); Notice of Transfer (Dkt. No. 29). RVH was then arraigned in the Northern District of New York on June 14, 2007.

        a.        Statutory Grounds

Under Section 3161 of Title Eighteen of the United States Code, a trial must commence

---

[2] RVH argues that the speedy trial act should be calculated from the true "genesis" of the prosecution in 2004; under this theory, the seventy day statutory period has clearly elapsed. RVH's Mem. of Law (Dkt. No. 47) at ¶55. However, the calculation of the statutory period for a speedy trial runs from the date of the current indictment, which was October 19, 2006. Indictment (Dkt. No. 12). RVH also argues that the Government is collaterally estopped from claiming that the speedy trial act has not been violated, pointing to this Court's Order of October 13, 2006, which dismissed a prior indictment on speedy trial grounds. RVH's Mem. of Law (Dkt. No. 47) at ¶54. See Order (Dkt. No. 28, from Case No. 1:05-CR-0166). However, as a different indictment is at issue here, collateral estoppel does not apply.

within seventy (70) days of the filing of an indictment. The calculation of time within which a trial must commence does not include certain periods of delay, including "any period of delay resulting from the absence or unavailability of the defendant or an essential witness,"18 U.S.C. §3161(h)(3), some delay for the transportation of a defendant from another district, 18 U.S.C. § 3161(h)(1)(H), delay from the filing through prompt disposition of pretrial motions, 18 U.S.C. § 3161(h)(1)(F), and delay, up to 30 days, when "any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(J).

The calculation of the 70 day statutory period begins on October 19, 2006, the date of the current indictment. Indictment (Dkt. No. 12). However, as the record reflects, RVH was absent from the jurisdiction from the date of the indictment until June 14, 2007 and accordingly, that period of time is excluded from calculation. 18 U.S.C. §§ 3161(h)(1)(J), (h)(3). Additionally, the period of time between June 14, 2007 and July 19, 2007 was also excluded for calculation by order of Magistrate Judge Homer, because a motion for disqualification was pending during that time. Order (Dkt. No. 35). The relevant period of time for speedy trial analysis is then July 19, 2007 until September 24, 2007, when pretrial motions were filed. Dkt. No. 44. During this period of time, sixty-six (66) days elapsed. Accordingly, there has been no violation of RVH's statutory speedy trial rights.

      b.  Constitutional Grounds

Defendant also claims that his right to a speedy trial, protected by the Sixth Amendment of the United States Constitution, has been violated. The four key factors which should be considered when faced with an alleged violation of Sixth Amendment rights, as articulated by the Supreme Court in Barker v Wingo, are (1) the length of the delay; (2) the reason for the delay; (3) whether

defendant asserted his rights to speedy trial; and (4) the prejudice to the defendant resulting from the delay.  407 U.S. 514, 530 (1972).  The aforementioned four factors are "neither a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant." U.S. v. Williams, 372 F.3d 96, 113 (2d Cir. 2004) (quoting Davis v. Kelly, 316 F.3d 125, 127 (2d Cir. 2003)).

Duly evaluated in the context of this case, these factors do not justify "the unsatisfactorily severe remedy of dismissal of the indictment."  Barker, 407 U.S. at 522.  As discussed above, much of the delay was due to RVH's absence from the jurisdiction.  This voluntary absence necessarily weakens RVH's claim that he has diligently asserted his right to a speedy trial.  Additionally, and "most importantly," according to the Court of Appeals of the Second Circuit, RVH "failed to articulate prejudice from the delay with any specificity." Williams, 372 F.3d at 113.  In fact, while the defendant in Williams made insufficiently vague assertions of prejudice, RVH did not make any assertions of prejudice at all. Deft's Mem. of Law (Dkt. No. 47, Attach. 2).  As the above discussion indicates, RVH's Sixth Amendment right to a speedy trial has not been violated and his Motion to dismiss the indictment on speedy trial grounds must be denied.

### 3. Pre-Trial Hearing

RVH has requested a pre-trial hearing in connection to his motion to dismiss, asserting that disputed facts make such a hearing necessary.  Letter (Dkt. No. 56).  RVH has not identified any factual dispute, material or not.  Additionally, no factual dispute material to RVH's motions is evident from the record. Accordingly, no hearing is necessary at this point and Defendant's request is denied.

B. Jermaine Vanhoesen

1. Motion to Dismiss on Double Jeopardy Grounds

Defendant Jermaine Vanhoesen ("JVH") argues that the current case must be dismissed on double jeopardy grounds. Motion (Dkt. No. 49).

JVH acknowledges that dual sovereignty does not generally prohibit federal prosecution subsequent to a state prosecution or vice versa, but argues that the "sham" prosecution exception from Bartkus v. Illinois, should apply. Id.; 359 U.S. at 123. JVH points to one particular instance to argue that the state and federal prosecutions were so intertwined as to constitute one sovereign. JVH's Mem. of Law (Dkt. No. 49) at 26. Specifically, Assistant United States Attoney Richard Hartunian communicated to all the parties in the state court proceeding that the federal charges against JVH would be dismissed if JVH agreed to a plea disposition in state court which included at least seven and a half (7.5) years imprisonment. Govt's Mem. in Opp. (Dkt. No. 55) at 5, 10; JVH's Mem. of Law (Dkt. No. 49) at 26. JVH asserts that the District Attorney, who had previously offered JVH a plea agreement of five (5) to ten (10) years imprisonment, then retracted that offer and replaced it with an offer of seven and a half to fifteen years. JVH's Mem. of Law (Dkt. No. 49) at 26. When JVH rejected that offer, the District Attorney moved to dismiss the indictment in favor of federal prosecution. Id.; Govt's Mem. in Opp. (Dkt. No. 55) at 6.

JVH asserts that this cooperation constituted the federal prosecutor's "'pulling the strings' in the state court prosecution." JVH's Mem. of Law (Dkt. No. 49) at 27. However, relevant case law shows the collaboration seen here does not constitute sufficient control of one sovereign by another to meet the Batkus exception requirements. See U.S. v. Peterson, 100 F.3d 7, 12 (2d Cir. 1996) (when no federal officials were involved in investigation or arrest and no federal prosecutors were

involved in the grand jury proceedings, the record "falls far short of showing...federal control."). See also Aboumoussallem, 726 F.2d at 910; U.S. v. Davis, 906 F.2d 829, 834 (2d Cir. 1990). As in U.S. v. Arena, JVH has "presented no evidence that the State of New York was acting at the behest of the federal government in bringing the state charges against [him]." 180 F.3d at 400. Accordingly, the sham prosecution exception to the dual sovereignty doctrine does not apply.

For the foregoing reason, even if it were assumed that double jeopardy applied to the vacated state court conviction, See Detrich v. U.S., 924 F.2d 479 (2d Cir. 1991), double jeopardy does not bar the current prosecution. JVH's Motion to dismiss the indictment on double jeopardy grounds is thus denied.

2. Motion for a Probable Cause/Suppression Hearing

JVH has filed a Motion seeking a hearing to determine whether his warrantless arrest on February 20, 2003 was effectuated without probable cause. Affirmation (Dkt. No. 49) at 7. JVH further requests, upon a finding of no probable cause, dismissal of the indictment and the suppression of the physical evidence seized as a result of that arrest. Id. The Government opposes this motion, arguing that both issues were fully litigated on the merits at a pretrial hearing before the Hon. Thomas A. Breslin at Albany County Court, on July 29, 2003. Mem. in Opp. (Dkt. No. 55) at 14-16. At that hearing, Judge Breslin determined that "[t]here was probable cause for the approach and arrest of defendant" and that "the various items of evidence recovered…will not be suppressed." Order (Dkt. No. 55, Ex. 9) at 8.

However, the Government has not put forth any Second Circuit support for the argument that collateral estoppel can be used against a criminal defendant to prevent an inquiry into whether his Fourth Amendment rights were violated. Additionally, the Supreme Court has noted that, in

evaluating whether a defendant's Fourth Amendment rights have been violated,

> a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.

Elkins v. United States, 364 U.S. 206, 224 (1960). See also U.S. v. Davis, 906 F.2d 829, 835 (2d Cir. 1990). The determination by a state court that there was probable cause for JVH's approach and arrest under New York's standard does not compel a finding by federal court that federal law and standards of probable cause were satisfied.

The papers before the Court reveal genuine issues of fact that are material to whether the approach and arrest of JVH on February 20, 2003 was legal and the evidence seized as a result is admissible. See United States v. Canty, 971 F.Supp.687, 695 (N.D.N.Y. 1997) (McAvoy, C.J.) (noting that an evidentiary hearing will be granted "if the moving paper allege facts with sufficient definiteness, clarity and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." (internal quotes omitted)). Accordingly, pursuant to JVH's request, a pretrial hearing will be held to determine these issues.

### 3. Motion for Bill of Particulars

JVH moves the Court to direct the Government to file a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. A bill of particulars will be provided to a defendant "if necessary to give the defendant enough information about the charge to prepare his defense" or to avoid being unfairly surprised at trial. U.S. v. Barnes, 158 F.3d 662, 665-666 (2d Cir.

1998). "A bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." U.S. v. Chen, 378 F.3d 151, 161 (2d Cir. 2004). See also U.S. v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) ("A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." (internal citation omitted)).

The Government asserts that it has already provided JVH with sufficient information to prepare for trial.  The record indicates that the Government provided JVH , through discovery, with over 191 pages of discovery material, including police incident reports, investigation reports, JVH's criminal history, transcripts from the state proceedings against JVH and expert witnesses' names and work product.  Discovery Letters (Dkt. No. 55, Ex. 11).  Considering the nature and quantity of information provided to JVH, as well as the unusual extensive background of the case, JVH has more than sufficient information to prepare a defense and avoid being surprised at trial.  Although JVH asserts a particular need for more detailed information relating to the conspiracy charge, "[a]s a general rule, the defense does not require detailed evidence about a conspiracy in order to prepare for trial properly." U.S. v. Jennings, 1998 WL 865617 at *2(N.D.N.Y, Dec. 8, 1998) (McAvoy, C.J.).  Accordingly, JVH's Motion for a bill of particulars is denied.

       4.       Motion for Disclosure of Evidence Pursuant to Rules 404(b) and 609(a)

Pursuant to Rule 404(b) of the Federal Rules of Evidence, JVH moves for an order requiring the government to disclose evidence of any bad acts or prior convictions that the Government intends to offer against JVH at trial. Affirmation (Dkt. No. 49) at 17.  The Rule requires that "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it

intends to use at trial." Fed. R. Evid. 404(b), quoted by Jennings, 1998 WL 868617 at *7. The Government has stated that "evidence at trial of his bad acts is expected to be limited to evidence of conduct which was part of the conspiracy or conduct admissible under Federal Rule of Evidence 404(b)." Mem. in Opp. (Dkt. No. 55) at 17. The statement is overly vague and does not provide reasonable notice. To the extent that the Government intends to introduce any of JVH's acts outside the conspiracy, pursuant to Rule 404(b), it must provide JVH with this information outside the presence of the jury, with sufficient time to allow reasonable notice.

JVH also seeks disclosure of criminal convictions the Government intends to use to impeach him, pursuant the Rule 609 of the Federal Rules of Civil Procedure, and an order prohibiting such use as more prejudicial than probative. Affirmation (Dkt. No. 49) at ¶ 119. The record indicates that the Government has already provided JVH with a copy of his criminal history. See Letter (Dkt. no.55, Ex. 11) at 1. It is premature to inquire at this time into the admissibility of such convictions.

For the foregoing reasons, JVH's request for an order compelling disclosure of evidence the Government intends to introduce under Rule 404(b) evidence is granted to the extent described above and JVH's request with regard to Rule 609(a) is denied.

       5.       Motion for Disclosure of Exculpatory and Impeachment Evidence

JVH requests an order compelling the Government to turn over any evidence which may be favorable to the Defendant, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), as well as information that could serve as impeachment material, pursuant to Giglio v. United States, 405 U.S. 150 (1972). JVH's Mem. of Law (Dkt. No. 49) at 17, 20. The Government, which "has a Constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment," Brady, 373 U.S. at 87, agrees to produce all exculpatory material as it

becomes known. In addition, the Government states that it will provide impeachment material when it turns over its materials under the Jencks Act, 18 U.S.C.§ 3500. The "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements" until the witness has testified on direct examination. U.S. v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001). Brady material which falls outside of the scope of the Jencks Act is not subject to that same restriction: such material is within the "the scope of a district court's discretion to order pretrial disclosures as a matter of a sound case management," although it "Brady material must be disclosed in time for its effective use at trial." Id. at 146, 142. See also U.S. v. Stein, 424 F.Supp.2d 720, 726 (S.D.N.Y. 2006).

However, the Government's duty to disclose Brady materials is independent and its representation that it will disclose Brady materials in compliance with due process is "generally considered sufficient" to prevent an explicit order by the Court. Jennings, 1998 WL 865617 at *3 (noting also that "the government misapprehends its Brady obligations at its own peril and is directed to err, if at all, on the side of the defendants."). For the foregoing reasons, JVH's request is denied.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that RVH's Amended Motions to Dismiss (Dkt. No. 47) are **DENIED**; and it is further

**ORDERED**, that RVH's Letter Request for an evidentiary hearing (Dkt. No. 56) is **DENIED**; and it is further

**ORDERED**, that JVH's Omnibus Motion (Dkt. No. 49) is **DENIED in part** as to the

Motions to dismiss, the request for a Bill of Particulars, the request for an order compelling immediate disclosure of Brady and Giglio evidence, and the request for an order compelling disclosure of, and suppressing, Rule 609(a) material; and **GRANTED in part** as to the Motion for a pretrial hearing and the request for an order compelling sufficient disclosure of Rule 404(b) material; and it is further

      **ORDERED**, that a probable cause/suppression hearing will be held, pursuant to the request of JVH, on Thursday, February 7 at 11:00 in the forenoon; and it is further

      **ORDERED**, that to the extent the Government intends to introduce any evidence of acts outside the conspiracy, pursuant to Rule 404(b), it must provide JVH with this information outside the presence of the jury, with sufficient time to allow reasonable notice; and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on the parties.

      **IT IS SO ORDERED**.

DATED:     January 04, 2008
              Albany, New York

*[signature]*
Lawrence E. Kahn
U.S. District Judge